IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| MICHAEL C. KUCHERA,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CV 26-42-BLG-SPW<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO REFILE |

Plaintiff Michael Kuchera, a self-represented and in-forma-pauperis litigant, lodged a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction against the Bureau of Land Management ("BLM") on April 29, 2026. (Doc. 2). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismissed Kuchera's Complaint for failing to state a claim but provided him an opportunity to amend. (Doc. 7). Kuchera subsequently filed an Amended Complaint for a Civil Case ("First Amended Complaint" or "FAC") on May 26, 2026. (Doc. 8).

In his FAC, Kuchera alleges Administrative Procedure Act ("APA") and National Environmental Policy Act ("NEPA") violations by challenging a BLM oil and gas lease sale, claiming that BLM's authorization of the lease sale was arbitrary and capricious because the agency failed to document and apply visual-resource and environmental-review procedures prior to authorization. (*Id.* at 1). Kuchera thus

1

seeks judicial review of the BLM's administrative record. (*Id.* at 4). If the Court were to find in Kuchera's favor, he requests a remand to the BLM for further procedural review or explanation, and an order for supplementation or clarification of the administrative record. (*Id.*).

## I.     Screening

Because the FAC is now the operative complaint, the Court must determine whether it complies with the Court's Order (Doc. 7) and properly alleges a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). ("[T]he court shall dismiss the [in-forma-pauperis] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."). Upon review, the Court finds that Kuchera has: (1) failed again to allege sufficient facts to state a claim for relief and (2) failed to allege facts establishing Article III standing. Without a claim for relief, the FAC must be dismissed under § 1915(e)(2)(B)(ii). Without standing, the FAC must also be dismissed for lack of subject-matter jurisdiction.

### A.     *Failure to State a Claim*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pro se pleadings are construed liberally, they must

2

still present coherent factual allegations that plausibly give rise to a legal claim. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

The Court's prior screening order (Doc. 7), incorporated here, detailed the deficiencies in Kuchera's original complaint. That order instructed Kuchera to "match up case-specific facts with law clearly enough to enable the Court and the BLM to understand what facts are at issue and why he believes the law entitles him to relief." (*Id.* at 6). He has not met this requirement.

Kuchera's FAC alleges that the BLM did not show how it "documented and applied visual-resource and environmental-review procedures before authorizing [a] lease sale." (Doc. 8 at 1). Although this allegation might accurately reflect BLM's requirement to conduct environmental reviews before authorizing a lease sale, *see* 42 U.S.C. § 4332(C), the allegation is not entitled "to the presumption of truth" because Kuchera does not provide concrete, descriptive facts to support it. *Iqbal*, 556 U.S. at 681. Without factual support, the allegation "amount[s] to nothing more than a formulaic recitation of the elements." *Id.* (citation modified).

Kuchera's factual allegations likewise do not plausibly support a claim for relief because the facts do not show how the events leading up to the lease sale violated NEPA. According to Kuchera, the lease sale "involv[ed land] parcels . . . near [North Dakota's] Theodore Roosevelt National Park and visually sensitive scenic areas associated with the Little Missouri River region." (Doc. 8 at 2). Prior

to the lease sale, there was a brine spill at the "Cougar 1 Salt Water Disposal . . . facility in Dunn County, North Dakota." (*Id.*). As such, because the lease-sale parcels "were situated near [the] National Park and visually sensitive scenic corridors," Kuchera alleges that the "BLM['s] visual-resource review procedures and environmental-review procedures were materially relevant to the leasing decision." (*Id.* at 3). Identifying the existence of sensitive areas or a prior brine spill helps provide a relevant backdrop to the FAC; however, those observations are insufficient to state a claim under the APA's arbitrary-and-capricious standard without specifically linking them to BLM's conduct. Kuchera must articulate how the environmental conditions affected the lease sale at issue and ultimately, how those conditions affected the BLM's decision-making process. This requires demonstrating that the BLM failed to consider those conditions in a manner required by NEPA. In other words, Kuchera must connect the environmental concerns to the BLM's alleged deficiencies.

Without knowing exactly what the BLM did or failed to do, how the action or inaction violated Kuchera's rights, and what injury Kuchera suffered because of the BLM's conduct, the allegations do not adequately state a claim upon which relief may be granted. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the Court dismiss the FAC.

4

B.   *Standing*

In addition to failing to state a claim, Kuchera's allegations do not meet the federal requirements for standing.

Article III of the Constitution limits the subject-matter jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must prove three elements to establish standing. "First, [a] plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citation modified). Second, the injury must "be fairly traceable to the challenged action of the defendant," meaning "there must be a causal connection between the injury and conduct complained of." *Id.* (citation modified). Finally, it must be likely, and not merely speculative, that a favorable court decision will remedy the injury. *Id.* at 561.

Further, "[w]here a plaintiff alleges a procedural injury—such as a NEPA violation—the plaintiff 'must show that the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.'" *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1146 (9th Cir. 2019) (quoting *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154 (9th Cir.

2015)). That is, a plaintiff must allege facts showing: "(1) that the defendant violated certain procedural rules; (2) that the rules protect the plaintiff's concrete interests; and (3) it is reasonably probable that the challenged action will threaten the plaintiff's concrete interests." *Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, 459 F. Supp. 2d 874, 883 (9th Cir. 2006).

Here, the FAC fails to allege any facts that would provide the Court or the BLM with a clear understanding of the nature of Kuchera's injury. As to the NEPA violation, Kuchera fails to establish how the challenged visual-resource and environmental-review procedures protect his concrete interests and how the BLM's authorization of the lease sale without those reviews threatened those interests. Likewise, Kuchera has not set forth any factual allegations demonstrating a concrete and actual injury traceable to the NEPA violation. Kuchera merely states he "is a resident of Billings, Montana, who uses and visits public parcels and scenic areas associated with the . . . leased tracts for stewardship, recreational, and observational purposes." (Doc. 8 at 1). This statement might be enough to establish a geographic nexus between Kuchera and the land involved in the lease sale, *Cantrell v. City of Longbeach*, 241 F.3d 674, 679 (9th Cir. 2001); however, it does not establish how his use of the affected area will be lessened by the authorization of the lease sale. *W. Watersheds*, 921 F.3d at 1146–47.

6

Because Kuchera has not alleged facts showing a procedural violation or a cognizable injury-in-fact, the Court lacks jurisdiction to conduct any further analysis and therefore will not address the final two elements required by Article III. On this basis, the Court must dismiss the FAC for lack of subject-matter jurisdiction.

## II.    Amendment

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted).

Because the deficiencies identified in this Order may be curable, the Court grants Kuchera leave to file a second amended complaint. Any amended complaint must specifically articulate how the BLM's action allegedly violated NEPA and the APA and must include factual allegations establishing Article III standing. The Court implores Kuchera to revisit the May 4, 2026 Order for guidance. (*See* Doc. 7). Failure to file a second amended complaint that remedies these defects will result in dismissal of this action.

## III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

(1)    Kuchera's Amended Complaint for a Civil Case ("First Amended Complaint" or "FAC") (Doc. 8) is DISMISSED WITHOUT

PREJUDICE.

(2)     Kuchera may file a second amended complaint on or before **June 23, 2026**.

(3)     With Kuchera's service copy of this Order, the Clerk shall include a form amended complaint.

(4)     Kuchera must immediately advise the Court of any change in his mailing address by filing a Notice of Change of Address.  Failure to do so may result in dismissal of this action without notice.

DATED this _____ day of June, 2026.

SUSAN P. WATTERS
United States District Judge

8