IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL C. KUCHERA,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CV 26-42-BLG-SPW<br><br>ORDER DISMISSING CASE |

Pro se Plaintiff Michael Kuchera filed a Second Amended Complaint against Defendant Bureau of Land Management on June 23, 2026. (Doc. 10). On September 22, 2026, Defendant moved to dismiss the Second Amended Complaint for lack of jurisdiction and failure to state a claim. (Doc. 19). Plaintiff's response deadline was October 16, 2026. *See* L.R. 7.1(d)(1)(B)(i); Fed. R. Civ. P. 6(d). Plaintiff failed to file a response.

On October 28, 2026, the Court issued an Order to Show Cause directing Plaintiff to appear in writing on or before November 6, 2026, to show cause why this case should not be dismissed for failure to prosecute and failure to comply with local rules. (Doc. 21 at 2). Plaintiff was admonished that failure to respond to the Order to Show Cause would result in the dismissal of this action. (*Id.*). The

November 6 deadline has passed, and Plaintiff has failed to respond to the Order to Show Cause. Accordingly, dismissal is warranted on two independent grounds.

First, a plaintiff's failure to respond to a motion to dismiss or comply with local rules constitutes a failure to prosecute, which serves as a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995); Fed. R. Civ. P. 41(b); *see also Calip v. SSA*, No. 14-cv-02047, 2014 WL 3421147, at *2 (N.D. Cal. July 14, 2014). "It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). Second, the failure to comply with a court order constitutes an independent basis for dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); Fed. R. Civ. P. 41(b).

Before dismissing a case for failure to prosecute or failure to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

Here, the *Ferdik* factors weigh in favor of dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v.*

*Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff's inaction has stalled this litigation, and this factor therefore weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Plaintiff has ignored Defendant's pending motion to dismiss and the Court's subsequent Order, demonstrating an apparent disinterest in prosecuting this action. The Court's need to manage its docket strongly favors dismissal in cases when a noncompliant party prevents a case from advancing toward resolution. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendant. A rebuttable presumption of prejudice arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (citing *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Plaintiff has offered no justification to rebut this presumption. Moreover, Defendant faces actual prejudice because its ability to defend itself will naturally impair as time passes, evidence fades, and the litigation remains stagnant. The third factor thus favors dismissal.

The fourth factor requires the Court to consider the public policy favoring disposition of cases on their merits. While public policy prefers a merits-based

resolution, this matter cannot reach a merits disposition without Plaintiff's active participation. A case cannot continue to linger indefinitely on the Court's docket when a plaintiff refuses to participate. Although this factor by definition weighs against dismissal, *Pagtalunan*, 291 F.3d at 643, it is outweighed by the other factors.

Finally, the Court has considered less drastic alternatives. While the Court is not required to exhaust every alternative prior to dismissal, it must adequately contemplate available options. *Nevijel v. N. Coast Life Ins.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the less drastic alternative of issuing an Order to Show Cause, which explicitly warned Plaintiff that noncompliance would result in dismissal. (*See* Doc. 21 at 2). Plaintiff chose to ignore that warning. Because Plaintiff has failed to respond to this lesser sanction, the Court can envision no further or alternative measures that would compel compliance at this juncture. Given that lesser sanctions have proven futile and are no longer viable, dismissal is the appropriate remedy.

///

///

///

///

///

///

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Plaintiff's Second Amended Complaint (Doc. 10) is DISMISSED WITHOUT PREJUDICE.

(2) All pending motions are DENIED AS MOOT and all pending deadlines are VACATED.

(3) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 58.

(4) The Clerk of Court shall reflect in the docket that the Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that any appeal from this Order would not be taken in good faith, as no reasonable person could suppose an appeal could have merit.

DATED this 9th day of November, 2026.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge